1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ALFREDO PARADA CALDERON,

CASE NO. 2:24-cv-01619-MJP-GJL

11

Petitioner,

ORDER GRANTING MOTION
FOR FEES

12

v.

13

DREW BOSTOCK, et al.,

14

Respondents.

15

16

**INTRODUCTION**

17

This matter comes before the Court on Petitioner's Motion for Fees and Costs. (Dkt. No.

18

21.) Having reviewed the Motion, Respondents' Opposition (Dkt. No. 25), the Reply (Dkt. No.

19

27), and all supporting materials, the Court GRANTS the Motion.

20

**BACKGROUND**

21

Petitioner Alfredo Parada Calderon is a native and citizen of El Salvador who became a

22

lawful permanent resident of the United States in 1990. (Declaration of George Chavez (Dkt. No.

23

9) ¶ 3.) Petitioner initiated his habeas action on October 7, 2024, while he was detained at

24

ORDER GRANTING MOTION FOR FEES - 1

1   NWIPC. (Dkt. No. 1.) On October 28, 2024, Magistrate Judge Leupold entered an order

2   directing Respondents to show cause why the court should not grant habeas relief. (Dkt. No. 7.)

3   Respondents filed their Return combined with a motion seeking dismissal of the petition, or, in

4   the alternative, seeking transfer of the matter to the Eastern District of California due to

5   Petitioner's ongoing detention at GSA. (Dkt. No. 8.)

6        On January 1, 2025, Magistrate Judge Leupold issued a Report and Recommendation

7   ("R&R") recommending the Court (1) deny Respondents' motion to dismiss; and (2) grant

8   Petitioner's request for a bond hearing. (Dkt. No. 14.) Both Petitioner and Respondents filed

9   timely Objections to the R&R. (See Respondents' Objections (Dkt. No. 15); Petitioner's

10  Objections (Dkt. No. 16).) The Court then issued an Order Adopting the R&R. (Dkt. No. 17.)

11  The Court overruled both of Respondents' objections, finding instead: (1) that the R&R correctly

12  weighed Petitioner's criminal history and criminal sentence in determining that Petitioner's

13  prolonged detention violated the Due Process Clause; (2) Respondents shall bear the burden of

14  proof to show that Petitioner is a danger or flight risk by clear and convincing evidence. The

15  Court also overruled Petitioner's objections as to the relevant test, but agreed with his objections

16  as to the fifth Martinez factor. The Court found that Petitioner presented sufficient evidence to

17  show that the conditions of detention at GSA weighed in favor of a bond hearing, and that the

18  bond hearing had to occur within 30 days of the GSA Facility Administrator as a respondent in

19  this action, Petitioner shall be given an individualized bond hearing.

20       Petitioner now seeks approval of fees under the Equal Access to Justice Act (EAJA).

21  Respondents challenge only the propriety of the award under the EAJA, not the specific sum

22  requested.

23

24

1                                    **ANALYSIS**

2  **A.      Petitioner is Entitled to Fees**

3          The EAJA allows an award of attorneys' fees only if the court finds that the government

4  was not "substantially justified," or if "special circumstances make an award unjust." 28 U.S.C.

5  § 2412(d)(1)(A). "The government bears the burden of demonstrating substantial justification."

6  Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir. 1990). "Substantial

7  justification" in this context means "justification to a degree that could satisfy a reasonable

8  person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). For the government's position to be

9  substantially justified, it "must have a 'reasonable basis both in law and fact.'" Meier v. Colvin,

10  727 F.3d 867, 870 (9th Cir. 2013) (quoting Pierce, 487 U.S. at 565). "In making a determination

11  of substantial justification, the court must consider the reasonableness of both 'the underlying

12  government action at issue' and the position asserted by the government in 'defending the

13  validity of the action in court.'" Bay Area Peace, 914 F.2d at 1230. "Further, when we decide

14  whether the government's litigation position  is substantially justified, "the EAJA . . . favors

15  treating a case as an inclusive whole, rather than as atomized line items." Al-Harbi v. I.N.S., 284

16  F.3d 1080, 1084–85 (9th Cir. 2002) (quoting United States v. Rubin, 97 F.3d 373, 375 (9th Cir.

17  1996)).

18          The Court here finds that an award of fees is appropriate. Petitioner prevailed on his

19  claim that Respondents had violated his Due Process right to a bond hearing, thus achieving

20  success through this litigation. The Court is aware that the bond hearing did not result in

21  Petitioner's release, but that fact does not undercut Petitioner's vindication of his constitutional

22  rights not to suffer prolonged detention without a bond hearing. The Court also finds little merit

23  in Respondents' argument that its position was substantially justified. Petitioner here challenged

24

1    his prolonged detention without an individualized custody determination. As Respondents

2    acknowledge, "all district courts have agreed that prolonged mandatory detention pending

3    removal orders without a bond hearing 'will—at some point—violate the right to due process.'"

4    (Resp. Opp. at 4 (quoting R&R and <u>Martinez v. Clark</u>, No. C18-1669, 2019 WL 5968089 (W.D.

5    Wash. May 23, 2019)).) While there is no bright line when detention pending removal is

6    impermissible, the Court here found that Petitioner's detention was more than double the

7    presumptively reasonable six-month period discussed in [<u>Demore v. Kim</u>, 538 U.S. 510

8    (2003)]." (Order on R&R at 7 (Dkt. No. 14).) The length of detention here was thus so far afield

9    of what might be defensible as to make Respondent's position unjustifiable. Nor have

10    Respondents shown that any of the positions taken during the litigation were substantially

11    justified. This includes Respondents' errant and unsupported argument that the Court lacked

12    jurisdiction or that the <u>Martinez</u> factors here supported their position. Accordingly, the Court

13    finds that an award of fees is proper under the EAJA. Respondents do not challenge the amount

14    of fees requested. The Court has separately reviewed the fee request and finds the modest sum

15    requested to be reasonable and appropriate, particularly in light of the results achieved.

16                                          **CONCLUSION**

17        The Court therefore finds that Petitioner is entitled to fees under the EAJA and that his

18    unchallenged request for $18,466.19 is appropriate. The Court GRANTS the Motion and

19    AWARDS Petitioner $18,466.19 in fees.

20        The clerk is ordered to provide copies of this order to all counsel.

21        Dated October 14, 2025.

22

23                                          Marsha J. Pechman
                                            United States Senior District Judge
24

ORDER GRANTING MOTION FOR FEES - 4